# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| DELBERT M. GREENE, | ) |
| Plaintiff, | ) 2:06-cv-0772-JCM-GWF |
| vs. | ) |
| E.K. McDANIELS, *et al.*, | ) **ORDER** |
| Defendants. | ) |

This is a § 1983 civil rights action filed *pro se* by Delbert M. Greene, a prisoner at High Desert State Prison.

The complaint must be screened pursuant to 28 U.S.C. §1915A. Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). Pro se pleadings, however, must be liberally construed. *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir.1988). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins,* 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, a federal court must dismiss a prisoner's claims, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); 42 U.S.C. § 1997e(c)(1), (2). Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard when reviewing the adequacy of a complaint or amended complaint.

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the court takes as true all allegations of material fact stated in the complaint, and the court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations in a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*).

All or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (*e.g.* claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (*e.g.* fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

Plaintiff brings action against E.K. McDaniels, warden of Ely State Prison; Gerry Thompson, a correctional officer at Ely State Prison; Shirley Summers, Justa Johnson, and David Sandoval, identified as employees of the Office of the Nevada Attorney General; Gregory Napp, a deputy district attorney; and Valerie Adair, a state district court judge. Plaintiff alleges that, while

incarcerated at the Clark County Detention Center as a pretrial detainee, he sent a letter to inmate Gregory Harris at Ely State Prison. In the letter, plaintiff directed inmate Harris to testify as to certain facts as a witness in plaintiff's upcoming criminal trial. Correctional officer Gerry Thompson of Ely State Prison read the letter and intercepted it, forwarding it to the district attorney and the attorney general. The letter was presented by the prosecution at plaintiff's criminal trial and was admitted into evidence. Plaintiff asserts that he was convicted of criminal charges because of the letter. Plaintiff contends that his constitutional rights were violated because his letter to inmate Harris was intercepted and used against him at his criminal trial.

When a prisoner challenges the legality or duration of his custody, or raises a constitutional challenge which could entitle him to an earlier release, his sole federal remedy is a writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475 (1973); *Young v. Kenny*, 907 F.2d 874 (9th Cir. 1990), *cert. denied* 11 S.Ct. 1090 (1991). Moreover, when seeking damages for an allegedly unconstitutional conviction or imprisonment, "a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Heck v. Humphrey*, 512 U.S. 477, 487-88 (1994). "A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983." *Id.* at 488. Plaintiff has not, and indeed, cannot allege that his conviction has been reversed or otherwise invalidated. Plaintiff fails to state a cognizable civil rights claim. Because amendment would be futile, this action is being dismissed with prejudice and without leave to amend.

**IT IS THEREFORE ORDERED** that this action is **DISMISSED** for failure to state a claim. The clerk shall enter judgment accordingly.

DATED this 28th day of October, 2008.

_____
UNITED STATES DISTRICT JUDGE